### IN THE UNITED STATES DISTRICT COURT
### FOR THE NORTHERN DISTRICT OF OKLAHOMA

| | | |
|---|---|---|
| OSAGE PRODUCERS ASSOCIATION, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | Case No. 15-CV-469-GKF-FHM |
| | ) | |
| SALLY JEWELL, *et al*., | ) | |
| | ) | |
| Defendants, | ) | |
| | ) | |
| v. | ) | |
| | ) | |
| DAVID P. HAYES, TRUSTEE FOR THE | ) | |
| PAUL B. HAYES FAMILY TRUST, | ) | |
| DATED APRIL 30, 2010, | ) | |
| | ) | |
| Proposed Defendant-Intervenor. | ) | |

### OPINION AND ORDER

Before the court is the Motion to Intervene [Doc. #18] of David P. Hayes, Trustee for the Paul B. Hayes Family Trust, Dated April 30, 2010 ("Hayes"). Hayes asserts a right to intervene in this case and, in the alternative, requests permission to intervene. *See* Fed. R. Civ. P. 24(a) & (b). Both plaintiff and defendants oppose intervention.

This case arises from a dispute over the government's processing of drilling permit applications for wells in Osage County, Oklahoma. To drill a new well in Osage County, an oil and gas operator must obtain a permit from the Superintendent of the Osage Agency within the Bureau of Indian Affairs. *See* 25 C.F.R. § 226.34(b). In August 2015, plaintiff Osage Producers Association ("OPA") brought this action pursuant to the Administrative Procedure Act ("APA"), 5 U.S.C. § 701 *et seq*., against several governmental defendants (hereinafter, "the government"), alleging that the government has unreasonably delayed issuing drilling permits and that, in doing

so, "has tacitly denied each and every permit" currently  pending before the Superintendent. [Dkt. #2, Complaint, p. 3].

In October 2015, Hayes filed the present motion to intervene.  Hayes owns property in Osage County which, he contends, may be affected by the court's ruling in this case.

## I.      Discussion

As previously mentioned, Hayes asserts a right to intervene under Federal Rule Civil Procedure 24(a)(2) and, in the alternative, request permission to intervene under Rule 24(b).  The court addresses these issues in turn.

### A.  Intervention of Right

Rule 24(a)(2) entitles an applicant to intervene as of right if "(1) the application is timely, (2) the applicant claims an interest relating to the property or transaction which is the subject of the action, (3) the applicant's interest may be impaired or impeded, and (4) the applicant's interest is not adequately represented by existing parties." *Elliott Indus. Ltd. P'ship v. BP Am. Prod. Co.*, 407 F.3d 1091, 1103 (10th Cir. 2005).  This rule, "though speaking of intervention 'of right,' is not a mechanical rule." *San Juan Cty., Utah v. United States*, 503 F.3d 1163, 1199 (10th Cir. 2007) (en banc).  Rather, as the Tenth Circuit has explained, "[i]t requires courts to exercise judgment based on the specific circumstances of the case." *Id.*

Here, Hayes claims an interest in this litigation based on the land "he owns in Osage County and the potential environmental harm that could" occur to his property as a result of this litigation. [Dkt. #18, p. 7].  In particular, he contends that the government's failure to timely approve drilling permits is the result of BIA's efforts to comply with the National Environmental Policy Act ("NEPA"), and that a ruling in OPA's favor could cause the government to shirk its

duties under the statute.[1]  This interest, Hayes contends, is not adequately represented by the government because "the BIA could put up a weak defense to this action" so as to avoid complying with NEPA.  [*Id.* at  9-10].

In response, the existing parties submit that this case is about the government's alleged failure to approve drilling permits and that Hayes has failed to plead facts tying this dispute to the property in which he claims an interest.  In particular, the government contends that this case only concerns portions of the Osage Mineral Estate that are subject to pending permit applications and that Hayes has not shown that his property is so affected.  Further, the parties assert this action cannot impair Hayes's interest in ensuring NEPA compliance on his land because, regardless of the outcome here, the government must comply with NEPA.

The court agrees with the existing parties.  Hayes does not have an interest in the subject of this litigation.  This case concerns the government's processing of discrete permit applications, specifically those currently pending before the Superintendent.  Hayes does not allege, nor is there any indication in the record, that his property is subject to a pending permit application.  Thus, Hayes's claimed interest—ensuring NEPA compliance on this land—is *not* "realt[ed] to the property or transaction that is the subject of [this] action."  Fed. R. Civ. P. 24(a)(2).

---

[1] Hayes also claims an interest in this litigation based on his lawsuit against the federal government in *Hayes v. Chaparral et al.*, Case No. 14-CV-495 (N.D. Okla.) ("*Chaparral*").  In particular, he submits that the court's decision here could, as a precedential matter, have an adverse impact on his lawsuit in *Chaparral*.

This contention is no longer tenable.  The court recently resolved *Chaparral* in Hayes's favor, ruling that the government's approval of an oil and gas lease and two drilling permits on Hayes's property failed to comply with NEPA.  Thus, the court's decision in the present case will not affect *Chaparral*.

Moreover, even if Hayes's land were implicated in this case, his interest in ensuring NEPA compliance could not be impaired or impeded by the present litigation. OPA's complaint merely seeks to compel agency action that, it contends, has been unlawfully withheld or unreasonably delayed, namely, the processing of pending drilling permits. Because this claim arises under the APA, the court may, at most, "compel the agency to act, but has no power to specify what the action must be." *Norton v. S. Utah Wilderness All.*, 542 U.S. 55, 64 (2004). Any agency action ordered in this case, however, would, as a matter of law, have to comply with NEPA. Hayes's suggestion that such an order could cause the government to shirk its duties under the statute is speculative and, thus, insufficient to warrant intervention. *Cf. San Juan Cty.*, 503 F.3d at 1203 (noting that an "intervenor cannot rely on an interest that is wholly remote and speculative" (internal quotation marks omitted)). The government's obligations under NEPA are not a legal issue in this case.[2] Hayes's intervention would only serve to inject legal issues collateral to the dispute between the existing parties. *See New York News, Inc. v. Kheel*, 972 F.2d 482, 486 (2d Cir. 1992) (noting that "[i]ntervention under Rule 24(a)(2)…cannot be used as a means to inject collateral issues into an existing action").

Having determined that Hayes's motion fails on the interest and impairment elements, the court need not consider whether his application was timely or whether his claimed interest is adequately represented by the existing parties. *See S.E.C. v. Kings Real Estate Inv. Trust*, 222 F.R.D. 660, 667 (D. Kan. 2004) ("All elements must be satisfied before an applicant can intervene as of right under Rule 24(a)(2)."). For the foregoing reasons, Hayes's motion to intervene as a matter of right is denied.

---

[2] The government's obligations under NEPA will, at most, be a factual topic in this case, not an issue of law.

B.  Permissive Intervention

Rule 24(b)(1)(B) provides that a "court may permit anyone to intervene who … has a claim or defense that shares with the main action a common question of law or fact."  "Once the threshold requirement of a common question is met, the decision to allow or deny permissive intervention lies within the discretion of the district court." *Am. Ass'n of People With Disabilities v. Herrera*, 257 F.R.D. 236, 259 (D.N.M. 2008).  "In exercising its discretion, the court must consider whether the intervention will unduly delay or prejudice the adjudication of the original parties' rights." Fed. R. Civ. P. 24(b)(3).

Here, Hayes asserts that he "has claims and defenses relating to NEPA that he wishes to present in the instant action" and that such "NEPA-related issues are central to the disposition of this" case. [Dkt. #18, p.11-12].  The court disagrees.  As just discussed, the government's obligations under NEPA are not a legal issue in this case.  Based on the claim asserted, the court could, at most, order the government "to take action [on pending permit applications], without directing *how* it [must] act." *S. Utah Wilderness All.*, 542 U.S. at 64 (emphasis in original).  Any such action would, as a matter of law, have to comply with NEPA.  The court cannot order relief requiring (or permitting) the government to ignore its duties under the statute.  Hayes thus has not demonstrated the existence of a question of law or fact common both to the claim or defense he seeks to raise and those involved in the present case.

In any event, even if Hayes had made this threshold showing, the court would deny his motion.  Hayes's intervention would inject additional legal issues into this case that, in the court's view, would likely complicate the primary issues between the existing parties and severely delay the litigation.  *See Edmondson v. State of Neb. ex rel. Meyer*, 383 F.2d 123, 127

- 6 -

(8th Cir. 1967) (noting that such circumstances counsel against intervention).  For these reasons,

Hayes's request to intervene under Rule 24(b) is denied.

WHEREFORE, Hayes's Motion to Intervene [Dkt. #18] is denied.

ENTERED this 7th day of January, 2016.

GREGORY K. FRIZZELL, CHIEF JUDGE
UNITED STATES DISTRICT COURT